PALMER-MARCY LUMBER COMPANY, Plaintiff, *v.* HYMAN OSBAND, JACOB GORDON and ISADORE N. GORDON, Defendants.

(Supreme Court, Monroe Equity Term, July, 1919.)

Damages — measure of — fraudulent conveyances — contracts.

> Where the owner of a lot agrees to make certain advances for its purchase and the erection of a building thereon and to convey the premises subject to a mortgage for such advances but fraudulently refuses to carry out the agreement after the building has been completed and conveys the property to another, the measure of damages is the difference at the time the property was to have been conveyed between its market value with the building and the cost of the property.

ACTION to recover damages for fraud.

Benton, Lewis, McKay & Bown (George A. Benton and Carlton F. Bown, of counsel), for plaintiff and defendant Osband.

George E. Warner, for defendants Gordon.

RODENBECK, J. The general rule is that a party who has been damaged by the act of another is entitled to be made good for the injury that he has sustained. This principle, however, is too general in its expression to be of much aid in the determination of particular cases and there are, therefore, special rules applicable

to particular circumstances. In this instance the defendants Gordon agreed with the defendant Osband that they would convey certain premises to him and make certain loans for the construction of a building thereon for which he was to give a mortgage as security. They failed to make the conveyance which they agreed to make and thereby the defendant Osband claims to have suffered damages which he seeks to recover in this action on the theory that a fraud has been perpetrated on him. If the property had been conveyed to him he would have been able to realize upon a sale the difference between the market value of the property and the cost of the property. This difference would represent his profits out of the transaction. The defendants Gordon by their failure to convey the property to him have deprived him of an opportunity to realize the difference between the market value of the property and its cost. The claim of the defendant Osband is that he has furnished certain material and labor in the construction of the building outside of the advances made by the defendants Gordon for which he has not been paid and for which he should recover in this action and the plaintiff claims the value of certain lumber which was furnished to Osband and used in the construction of the building. These are items which the court may well consider but they are not the measure of the damages since it is obvious that if the market value of the property does not exceed its cost the defendants Gordon have not deprived the defendant Osband of any profits out of the transaction and are therefore not liable to him in this action for any except nominal damages. He can not claim from them in this action damages representing profits which he would not have realized had the transaction been completed by the defendants Gordon by the delivery of the deed to him in accordance

with their contract. The valuation placed upon the property by the witnesses varies considerably and in fixing this valuation the court may take into account the amount which the defendant Osband should in equity be allowed for labor and materials furnished for which he has not been paid but the court is not limited to this amount. The total cost which should be taken into account in this action in constructing the building is $3,100, with interest, which Osband agreed to pay defendants Gordon for the property, $6,500 with interest which was loaned to him out of which he was expected to construct the building and the sum of $2,369.44, which was the additional expense of constructing the building, amounting in all to the sum of $12,578.58. The market value of the property is fairly and reasonably worth the sum of $14,000 so that the damages available for the payment of the plaintiff's claim and that of the defendant Osband is the sum of $1,421.42. The evidence fully justifies a recovery of this amount from the defendants Gordon. It was agreed that the defendant Osband should have a deed of the property and in pursuance of this agreement he executed a bond and mortgage and a building loan agreement. The title was in the defendant Isadore N. Gordon who also acted as attorney for the defendant Osband and the money was advanced by the father, Jacob Gordon. When the money which had been agreed to be advanced by Jacob Gordon was exhausted, the defendant Osband continued the work until the building was completed. When the building was finished the defendant, Isadore N. Gordon, deeded the property to his father and the defendant Osband was left without any recourse except to endeavor to recover the damages which he has sustained. He had used some of his own material in the construction of the building and had put in his own

Supreme Court, July, 1919.          [Vol. 108.

time, for both of which he should be made an allowance, but the limit of his damages is fixed by the difference between the market value of the property and the cost and if this rule does not permit him to recover all of the damages that he has sustained, it is due to conditions for which the law is not responsible. If the deed had been delivered to him and his venture had proved an unprofitable one he would have had to stand the loss and he can recover in this action only the amount of profit that he is entitled to by reason of the difference between the market value of the property and the cost of the property.

Judgment accordingly.